FILED IN CHAMBERS
U.S.D.C. - Atlanta
APR 0 5 2012
James N. Hatten, Clerk
By: /s/ Am Cauie
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:11-CR-118-1-ODE-ECS |
| JUAN JOSE SERRATO VILLA | |

ORDER

This criminal case is currently before the Court on Magistrate Judge E. Clayton Scofield III's Report and Recommendation ("R&R") [Doc. 29] filed on September 20, 2011, which recommended denying Defendant Juan Jose Serrato Villa's motions to suppress evidence [Doc. 12] and statements [Doc. 13]. On October 4, 2011, Defendant timely filed his objections to the R&R [Doc. 30]. For the following reasons, Defendant Serrato Villa's objections [Doc. 30] are OVERRULED, Judge Scofield's R&R [Doc. 29] is ADOPTED IN ITS ENTIRETY, Defendant's motion to suppress evidence [Doc. 12] is DENIED, and his motion to suppress statements [Doc. 13] is DENIED WITHOUT PREJUDICE.[1]

---

[1] The R&R recommends denying without prejudice as moot the motion to suppress statements on the basis of the government's stipulation at the hearing that it did not intend to offer into evidence during its case in chief any potentially suppressible statements made by Defendant [Doc. 29 at 1]. Defendant does not object to the Magistrate's recommendation as to the motion to suppress statements; the recommendation of the R&R is adopted on this point. Defendant's motion to suppress statements [Doc. 13] is DENIED WITHOUT PREJUDICE AS MOOT.

I. Factual Background

Defendant Serrato Villa has not objected to Judge Scofield's findings of fact as stated in the R&R. The Magistrate's version of the facts is not clearly erroneous and therefore is adopted by this Order. Because the factual background is laid out in detail in the R&R, it is not necessary to recite all of the facts again here. Relevant facts will be discussed below in the analysis of Defendant's objections and the review of the R&R.

II. Discussion

A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Defendant has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980). However, for a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). The United States Court of Appeals for the Eleventh Circuit has noted that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

The remainder of the R&R, to which neither party offers specific objections, will be assessed for clear error only. See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006)

(Story, J.) ("[I]ssues upon which no specific objections are raised do not so require de novo review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

B. Defendant's Motion to Suppress Evidence

In Defendant's motion to suppress, he moves the Court to suppress evidence stemming from his encounter with Rockdale County Sheriff's deputies on September 15, 2010 [Doc. 12]. Specifically, Defendant seeks to suppress a bullet found in his pocket and a revolver found hidden behind metal skirting of a trailer located at 1 Armour Drive, the location where Defendant was stopped and searched [Id.].

Judge Scofield's R&R recommended denying the motion to suppress. With respect to the revolver found at the trailer, the Magistrate concluded that Defendant lacked standing to challenge the seizure because Defendant lacked a cognizable privacy interest in the trailer where the gun was found [Doc. 29 at 2]. Defendant does not challenge this finding in his objections, and the R&R is not clearly erroneous on this point. Therefore, the Court adopts the portion of the R&R that recommends denying the suppression of the revolver.

With respect to the search of Defendant's pants pocket, which revealed the .44 caliber bullet, the Magistrate concluded that "the police unquestionably had probable cause to arrest Defendant on a state charge of obstruction of an officer, which gave the officers the authority to conduct a full search of Defendant's

3

person as an incident to a lawful custodial arrest." [Doc. 29 at 7].

In his objections, Defendant points to two reasons why the warrantless search that revealed the bullet in his pocket cannot be justified as a search incident to arrest. First, he argues that the officers lacked probable cause to arrest Defendant for obstruction under O.C.G.A. § 16-10-24(a) because that offense was committed only if Defendant knowingly and willfully obstructed the officer (here, Officer Stamatellos); Defendant contends that the record evidence in this case does not establish the knowing and willful element [Doc. 30 at 2]. Specifically, Defendant contends:

> The record does not show that Mr. Serrato Villa observed Officer Stamatellos prior to going behind the trailer, knew he was a police officer, or heard a command from Officer Stamatellos to stop. There is also no evidence that Stamatellos ever identified himself as a police officer. Additionally, the very brief period that Mr. Serrato Villa was in the rear of the trailer - five to six seconds - does not demonstrate a willful failure on the part of Mr. Serrato Villa to disobey a lawful order from Officer Stamatellos.

[Id.]. However, "'[p]robable cause' defines a radically different standard than 'beyond a reasonable doubt,' and while an arrest must stand on more than suspicion, the arresting officer need not have in hand evidence sufficient to obtain a conviction." Von Stein v. Brescher, 904 F.2d 572, 578 n.9 (11th Cir. 1990).

Here, Officer Stamatellos testified that when he arrived at the scene, he saw one man chasing a second man, and the two were running toward Officer Stamatellos's patrol car. The man being chased was Defendant. Officer Stamatellos stated that he began to pursue Defendant and that as he began running he told Defendant to stop. [Doc. 22 (Tr.) at 92]. It appears that Defendant did not

stop or otherwise acknowledge or respond to the Officer's command, but that when Defendant re-appeared from behind the trailer, he said something along the lines of "Hey, what did I do? What is going on?" [Doc. 22 (Tr.) at 92].

The record presents sufficient facts to conclude that based on an objective standard, there was probable cause to arrest Defendant on the charge of obstruction. The inference from Officer Stamatellos's testimony is that Defendant likely saw the patrol car when it pulled up. Moreover, the fact that Defendant came back out from behind the trailer asking "what did I do?" indicates he was aware that he was being pursued. See Patterson v. State, 244 Ga. App. 222, 223 (2000) (on obstruction charge, facts supported knowing and willful element despite defendant's testimony that he did not realize the men pursuing him were police officers when officer testified defendant looked directly at him after he commanded defendant to stop and before running away).[2]

Secondly, Defendant objects to the R&R's conclusion that the search of Defendant's pocket was a search incident to arrest because, he argues, the search and subsequent arrest were not sufficiently contemporaneous [Doc. 30 at 3]. According to Defendant, he "was not formally arrested immediately after the

---

[2] Defendant also argues that the fact that he was not arrested for obstruction supports a conclusion that the officer lacked probable cause on this charge. Such an inference is unwarranted. Whether Defendant was ultimately arrested on the charge that justified the search incident to arrest is irrelevant. United States v. Saunders, 476 F.2d 5, 7 (5th Cir. 1973) ("When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest.").

5

search. He was detained in a police car until police officers searched for and eventually found a gun, which was located underneath a trailer on the 1 Armour Drive property. That search took forty-five minutes to an hour." [Id.]. Although the government contends Defendant was arrested shortly after the search of his person, Defendant argues that his arrest did not take place until after the search of the surrounding area had been conducted and the gun behind the trailer was found. [Doc. 30 at 4 ("The charges which were ultimately placed - aggravated assault, reckless conduct and criminal trespass - show that Mr. Serrato Villa was arrested for alleged unlawful possession of the firearm which was found during the search . . . .")].

However, a line of questioning by Defendant's own counsel indicates that the arrest took place immediately after the search:

> Q. DEPUTY KAIN CAME UP AND HE SEARCHED MR. SERRATO IMMEDIATELY UPON HIS ARRIVAL THERE, RIGHT?
> A. YES.
> Q. HE PLACED MR. SERRATO IN HANDCUFFS RIGHT THERE, RIGHT?
> A. YES.
> Q. HE PUT HIM IN A SQUAD CAR?
> A. YES.
> Q. HE PLACED HIM UNDER ARREST RIGHT THERE, RIGHT?
> A. YES, SIR.

[Tr., Doc. 22 at 34-35]. Because the only testimony addressing this issue indicates that the arrest was immediately after the search, the Court declines to draw the inference suggested by Defendant. The search of Defendant's pants pocket, which revealed the bullet at issue here, was a valid search incident to arrest.[3]

---

[3] Defendant also contends that "in each of the cases cited by the Magistrate there was some connection between the charges for which probable cause existed and the charges which were actually placed upon the defendant following the search." [Doc. 30 at 4].

6

III. Conclusion

Having reviewed <u>de novo</u> those portions of the R&R to which Defendant objected, Defendant Serrato Villa's objections [Doc. 30] are OVERRULED, Judge Scofield's R&R [Doc. 29] is ADOPTED IN ITS ENTIRETY, Defendant's motion to suppress evidence [Doc. 12] is DENIED, and his motion to suppress statements [Doc. 13] is DENIED WITHOUT PREJUDICE.

SO ORDERED this 5 day of April, 2012.

/s/ Orinda D. Evans
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

However, as noted previously, "[w]hen an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest." <u>Saunders</u>, 476 F.2d at 7. Furthermore, the Supreme Court's Fourth Amendment jurisprudence does not require a search incident to arrest to relate to the charges placed on the defendant. <u>Virginia v. Moore</u>, 553 U.S. 164, 177 (2008) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; *that intrusion being lawful*, a search incident to the arrest requires no additional justification.") (internal quotation marks omitted).

7